UNITED STATES DISTRICT COURT   SOUTHERN DISTRICT OF TEXAS

Paul I. Narkin, §
 §
    Plaintiff, §
 §
versus §   Civil Action G-09-136
 §
Philip S. Physioc, **et al.**, §
 §
    Defendants. §

## Opinion on Dismissal

1. **Background.**

   Paul Narkin has sued an ex-client who sued him in Maryland, the trial and appellate judges in Maryland, his ex-paralegal in Maryland, and the United States Department of Justice. Narkin has been an attorney in Maryland since 1957, and he is proceeding here without other counsel. Based on his disability, stemming in part at least from his service in World War Two, he is proceeding without having paid the fees.

   The essence of his complaint is that he was betrayed in a real estate deal in Maryland by his paralegal in Maryland. In 2007, Narkin sued Philip S. Physioc, his ex-client, and it was determined largely in favor of Physioc. Physioc has a judgment for $7,000 from his claim for $39,000.

   Narkin has also sued Fred. C. Wright, III, a judge of the Circuit Court for Washington County, Maryland, and Deborah S. Eyler, a judge of the Court of Special Appeals of Maryland, for their judgments against him. The Department of Justice was joined to oblige it to bring impeachment of the state judges and criminal charges against everybody.

2. **Location.**

   Narkin's complaint has no facts about a transaction in Texas. His only tie with Texas is that he now lives in Galveston. All of his complaint involves acts by Hoard and Physioc in Maryland as well as procedural mistakes of the Maryland judges in his earlier litigation.

Although his tort claims are transitory actions, the absence of personal jurisdiction over his defendants in Texas would preclude this court from hearing his suit.

3. **Judges & Torts**.

If Narkin were correct in his accusations of the errors by the judges in Maryland, judicial errors – even egregious ones – must be the subject of an appeal rather than an independent suit against the judiciary.

4. **Re-Litigation**.

Narkin also wants to re-litigate the claims in the Maryland action. Again, once a set of facts has been confided to judicial determination, no claims, theories, and angles can be based on them.

It appears that the trial court's judgment in Maryland has already been affirmed on appeal, with no appeal to Maryland's Court of Appeals. If the Maryland case were still pending and if this court had jurisdiction of the defendants, this court would abate its case until Maryland has completed her work since that case is predominately tied to her and it has progressed nearly to the end. See **United Mine Workers v. Gibbs**, 383 U.S. 715, 725 (1966).

Because Maryland paid Physioc $7,000 from its client-protection fund, it appears to be subrogated to the claim against Narkin that Physioc is pursuing, making execution against Narkin by Physioc improper.

5. **The United States Department of Justice.**

The national department of justice has no authority over impeachments of state officials. A citizen initiates a criminal case by filing a complaint with an executive-branch law-enforcement agency. The investigatory and prosecutorial functions are elements of that branch of the government. Although the investigation could occur wherever the data may be found, a prosecution for crimes committed in Maryland must be prosecuted in the federal district where they happened in Maryland.

6. **Paralegal**.

Tom Hoard, the former paralegal for Narkin, has recently been served, but Narkin abandoned his claim against him at the conference because of the trouble in getting jurisdiction here and collecting if a judgment was entered.

7. **Conclusion.**

Paul Narkin will take nothing from Philip Physioc; Tom Hoard; Judge Fred C. Wright, III; Judge Deborah S. Eyler; and the United States Department of Justice. He has not described in his complaint and in his allocution at the conference a legally-recognized claim against these defendants because of the nature of the claims and the past litigation of others.

Signed on August 19, 2009, at Houston, Texas.

                                          Lynn N. Hughes   USDJ
                                      United States District Judge